UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JERAMIE ESPAILLAT,

                Plaintiff(s),

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
EDWARD ARIAS, SHIELD # 25270
Narcotics Borough Manhattan South,
NEW YORK CITY POLICE OFFICER
UNDER COVER, SHIELD # 228
Narcotics Borough Manhattan South,
NEW YORK CITY POLICE OFFICER
UNDER COVER, SHIELD # 276
Narcotics Borough Manhattan South,

                Defendant(s).
-----------------------------------------------------------X

15-CV-04150-JGK

**COMPLAINT &**
**JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, JERAMIE ESPAILLAT, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, JERAMIE ESPAILLAT is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER EDWARD ARIAS, Shield # 25270, upon information and belief of the Narcotics Borough Manhattan South, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER ARIAS is sued individually and in his official capacity. At all times relevant Defendant OFFICER ARIAS was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and

Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant OFFICER ARIAS was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant NEW YORK CITY POLICE OFFICER UNDER COVER OFFICER, Shield # 228, upon information and belief of the Narcotics Borough Manhattan South, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant UNDER COVER OFFICER, Shield # 228 is sued individually and in his official capacity. At all times relevant Defendant UNDER COVER OFFICER, Shield # 228 was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant UNDER COVER OFFICER, Shield # 228 was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant NEW YORK CITY POLICE OFFICER UNDER COVER OFFICER, Shield # 276, upon information and belief of the Narcotics Borough Manhattan South, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant UNDER COVER OFFICER, Shield # 276 is sued individually and in his official capacity. At all times relevant Defendant UNDER COVER OFFICER, Shield # 276 was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant UNDER COVER OFFICER, Shield # 276 was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

12. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

13. On November 11, 2013 shortly before 3:45 p.m. the Plaintiff, left his home located at 40 Madison Street in New York County. At the time the Plaintiff was accompanied by his friend. The Plaintiff was on his way to play basketball at the park located approximately one block away from his home. At approximately 3:45 p.m. near 46 Madison Street, the Plaintiff's friend excused himself for a moment and left the Plaintiff waiting for him on the sidewalk. Plaintiff's friend then wet across the street. Upon information and belief, shortly thereafter Defendant NEW YORK CITY OFFICER ARIAS approached the Plaintiff and placed him under arrest. Upon further information and belief, Defendant OFFICER ARIAS informed the Plaintiff that he was being charged with the sale of a controlled substance.

14. The following day, November 12, 2013, the Plaintiff was brought before a Criminal Court Judge at 100 Centre Street in New York County. He was charged with Criminal Sale of a Controlled Substance pursuant to New York PL 220.44(2), Criminal Sale of a Controlled Substance pursuant to New York PL.220.39(1), and Criminal Facilitation in the Fourth Degree pursuant to New York PL 115.00(1). Both counts of Criminal Sale of a Controlled Substance are classified as B Felonies under New York State law. The remaining charge, Criminal Facilitation, is classified as an A Misdemeanor. *See* copy of Felony Complaint annexed hereto as **Exhibit A.**

15. The Felony Complaint indicates that Defendant OFFICER ARIAS was informed by

Defendant OFFICER UNDER COVER, SHIELD # 228 and OFFICER UNDER COVER, SHIELD # 276. Defendant OFFICER UNDER COVER, SHIELD # 276 alleged that he purchased "five twists of crack" from Plaintiff's friend inside a stairwell of 46 Madison Street. **Exhibit A.** The complaint confirmed that Plaintiff was across the street at the time. Defendant OFFICER UNDER COVER, SHIELD # 228 informed Defendant OFFICER ARIAS that he observed Plaintiff with his friend across the street before Defendant OFFICER UNDER COVER, SHIELD # 276 allegedly purchased the "crack cocaine." Defendant OFFICER UNDER COVER, SHIELD # 228 further alleged that saw Plaintiff make a "cut signal' towards his friend after he crossed the street. This is the only mention of Plaintiff in the complaint.

16. At Plaintiff's arraignment he was released on his own recognizance. At approximately the same time he was served with notice of his opportunity to testify before the Grand Jury. *See* Copy of Letter from Erin Satterthwaite dated November 12, 2013 hereto annexed as **Exhibit B.**

17. On or about November 15, 2013 the Plaintiff testified before the Grand Jury. Subsequently the Grand Jury returned a vote of no affirmative action. On or about December 2, 2013 Plaintiff, through his attorney, again served cross-grand jury notice pursuant to CPL 190.50 and informed the people that he wanted to testify in the Grand Jury if the case was represented. *See* Copy of Letter from Victor Brown dated December 2, 2013 hereto annexed as **Exhibit C.**

18. Subsequently the Plaintiff testified before the Grand Jury for a second time. On or about April 18, 2014 The Grand Jury voted to dismiss the felony counts in the indictment. See Copy of Letter from Erin Satterthwaite dated April 18, 2014 hereto annexed as **Exhibit D.** On or about May 11, 2014 the People's speedy trial time expired pursuant to CPL 30.30. On May 30, 2014 the remaining charges were dismissed.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

19. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER EDWARD ARIAS acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

21. That the actions of Defendant Police Officer ARIAS, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

22. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty One (21) as if fully set forth herein.

22. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER UNDER COVER, SHIELD # 228 acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

23. That the actions of Defendant Police Officer UNDER COVER, SHIELD # 228,

occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER UNDER COVER, SHIELD # 276 acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

26. That the actions of Defendant Police Officer UNDER COVER, SHIELD # 276, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution**

27. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER EDWARD ARIAS acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

29. As a consequence of the actions of Defendant OFFICER ARIAS, Plaintiff was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution

30. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER UNDER COVER, SHIELD # 228 acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

32. As a consequence of the actions of Defendant OFFICER UNDER COVER, SHIELD # 228, Plaintiff was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution**

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

33. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER UNDER COVER, SHIELD # 276 acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

34. As a consequence of the actions of Defendant OFFICER UNDER COVER, SHIELD # 276, Plaintiff was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officer EDWARD ARIAS, SHIELD # 25270 of the Narcotics Borough Manhattan South.

3. Punitive Damages against Defendants New York City Police Officers UNDER COVER, SHIELD # 228 of the Narcotics Borough Manhattan South.

4. Punitive Damages against Defendants New York City Police Officers UNDER COVER, SHIELD # 276 of the Narcotics Borough Manhattan South.

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: May 28, 2015

*[signature]*
RICHARD CAMPISI, ESQ.
(RC-8442)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
Tel: (347) 424-6164
Fax: (646) 201-4495
E: richardcampisilaw@gmail.com

# EXHIBIT A
## Felony Complaint

Page 1 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Evan Matthews (M 23), **NT CO**
2. Jeramie Espaillat (M 25), **IYB**
3. Bernard Bryant (M 51), **LAJ**

Defendants.

FELONY

ADA Erin Satterthwaite
(212) 335-4171

Police Officer Edward Arias, Shield 25270 of the Narcotics Borough Manhattan South, states as follows:

*The defendants are charged with:*

| | | |
|---|---|---|
| 1 | PL 220.16(1) | Criminal Possession of a Controlled Substance in the Third Degree<br>(defendant #1: 1 count) |
| 2 | PL 220.39(1) | Criminal Sale of a Controlled Substance in the Third Degree<br>(defendant #1: 1 count)<br>(defendant #2: 1 count)<br>(defendant #3: 1 count) |
| 3 | PL 221.05 | Unlawful Possession Of Marijuana<br>(defendant #1: 1 count) |

On or about November 11, 2013 at about 3:45 P.M., in front of 46 Madison St. in the County and State of New York, the defendant knowingly and unlawfully possessed a narcotic drug with intent to sell it; the defendants knowingly and unlawfully sold a narcotic drug; the defendant knowingly and unlawfully possessed marijuana.

*The factual basis for these charges are as follows:*

I am informed by Undercover Officer 0276 (UC 276), that UC 276 approached defendant Bryant and engaged in a narcotics-related conversation in which defendant Bryant told UC 276 he could get UC276 crack. UC 276 then observed defendant Bryant approach defendant Matthews and engage in conversation, after which defendant Bryant told UC 276 that defendant Matthews could get UC 276 crack. UC 276 then followed defendant Matthews into a stairwell inside 46 Madison St. and gave defendant Matthews $60 US Currency in exchange for five (5) twists of crack.

I believe the above-referenced substance is what it is alleged to be based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic

Page 2 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Evan Matthews (M 23),
2. Jeramie Espaillat (M 25),
3. Bernard Bryant (M 51),

Defendants.

FELONY

ADA Erin Satterthwaite
(212) 335-4171

of this type of drug and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

I am informed by Undercover Officer 0228 (UC 228) that UC 228 observed defendant Matthews and defendant Espaillat standing together immediately before defendant Matthews went into 46 Madison St. with UC 276. I am further informed that while defendant Matthews was inside 46 Madison St., defendant Espaillat was standing as a lookout and looking back and forth several times up and down Madison St. as well as back towards where UC 228 was standing. UC 228 observed defendant Espaillat make a "cut" signal to defendant Matthews as he came out, which he knew, based on his training and experience, meant that defendant Espaillat was telling defendant Matthews to cancel the drug transaction.

I am informed by Detective Antoyne Chess, shield 162, of Narcotics Borough Manhattan South, that he recovered $129 US Currency and sixteen (16) zips of marijuana from defendant Matthews. I later recovered an additional ten (10) zips of crack/cocaine from defendant Matthews.

I believe the above-referenced substances are what they are alleged to be based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of these types of drugs and a field test of each substance which confirmed that each substance is in fact what it is alleged to be.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____    11/12/13    1105
Police Officer Edward Arias          Date        Time

# **EXHIBIT B**
# Letter from Erin Satterthwaite, Dated November 12, 2013



CYRUS R. VANCE, JR.
DISTRICT ATTORNEY

DISTRICT ATTORNEY
OF THE
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212)335-9000

Tuesday, November 12, 2013

Re: *People v. JERAMIE ESPAILLAT*
Arrest No. M13698803

Dear Counsel

You have indicated that the aboved-named defendant, JERAMIE ESPAILLAT, whom you represent, intends to testify before the grand jury in the above referenced case. Notice is hereby given of your client's opportunity to testify before the grand jury located in Room 907 of One Hogan Place, New York, New York on 11/15/13 at 10am.

If you do not appear on that day by 10am, it will be assumed that the notice of intent to testify has been withdrawn, and the case will be presented to the grand jury.

Sincerely,

Erin Satterthwaite
Assistant District Attorney
(212) 335-4171

# Exhibit C
# Letter from Victor Brown, Dated December 2, 2013

# VICTOR M. BROWN
## ATTORNEY AT LAW
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax: (212) 227-2330

December 2, 2013

The New York County District Attorney's Office
One Hogan Place
New York, NY 10007

Att: ADA Satterthwaite
Re: People v. Espaillat
Docket # 2013NY086218

Dear ADA Satterthwaite,

Please be advised that the undersigned is in receipt of your communication wherein you notified my office that the Grand Jury in the above referenced case returned a vote of no affirmative action. Please allow this letter to also serve as written CPL 190.50 notice of the above referenced Defendant's intent to testify in the Grand Jury should your office elect to represent the case to another Grand Jury panel. Please contact the undersigned regarding said grand jury testimony at your convenience. I remain

Sincerely Yours,

VICTOR M. BROWN

VB/cc
File copy
Criminal Court file

# EXHIBIT D
## Letter from Erin Satterthwaite, Dated April 18, 2014



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

# DISTRICT ATTORNEY
OF THE
## COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N.Y. 10013
(212) 335-9000

April 18, 2014

Victor Brown
11 Park Place
Suite 600
New York, New York 10007

Re:  People v. JERAMIE ESPAILLAT
Docket No. 2013NY086218

Dear Mr. Brown:

This is to inform you that the Eighth Grand Jury for the Fourth Term, having heard evidence on the above-referenced felony complaint, has voted a dismissal of the charge of Criminal Sale of a Controlled Substance in the Third Degree, P.L. 220.39(1) against your client in connection with that incident.

Yours truly,

Erin Satterthwaite
Assistant District Attorney
212 335-4171